IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**ANDREW PEAL MOORE II**

*Plaintiff,*

vs.

**ROBERT J. KNODELL, et al.**

*Defendants.*

_____/

Civil No. 4:23-cv-00111

Date: March 15, 2023

RECEIVED
MAR 16 2023
BY MAIL

### PLAINITIFF MOORE'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT M. RUTH O'NEILL AS A MATTER OF LAW WITH MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**NOW COMES** the Plaintiff, Andrew Peal Moore II (hereinafter "Plaintiff Moore"), and pursuant to Rule 55 (a)(b)(1)(2), Rule 12(a)(1)(A)(i), and Rule 8(b)(1)(B) and 8(b)(6) of the Federal Rules of Civil Procedure, moves for an Order granting a default judgment against Defendant M. Ruth O'Neill as authorized by Rule 55 of the Federal Rules of Civil Procedure, and as grounds, states:

1.. On or about January 27, 2023, Plaintiff Moore filed a lawsuit in this Court, "Verified Civil Rights Complaint", against Defendant M. Ruth O'Neill (hereinafter "Defendant O'Neill").

2. On or about February 16, 2023, Summons issued by this Court along with the Complaint was served on Defendant O'Neill, effectively.

3. The summons state, in pertinent part:

"A lawsuit has been filed against you. Within 21 days after service of this summons on you (not counting the day you received it) – or <u>60 days</u> if you are the United States or a United States agency, or an officer or employee of the United States described in Fed.R.Civ.P. 12 (a)(2) or (3) – you must serve on plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil

pg. 1

Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Andrew Peal Moore II, 831 Semoran Park Drive, Winter Park, Florida 32792.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint."

4. Defendant O'Neill was required under the law to serve Plaintiff Moore an Answer to the Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure by March 9, 2023; as of to date, March 15, 2023, Defendant O'Neill has failed or refused to serve on Plaintiff Moore an Answer to the Complaint, and as of to date, March 15, 2023, she has also failed or refused to serve on Plaintiff Moore a motion under Rule 12 of the Federal Rules of Civil Procedure.

5. As of to date, March 15, 2023, Defendant O'Neill has failed or refused to file an Answer to the Complaint in this Court, and as of to date, March 15, 2023, she has also failed or refused to file a motion in this Court under Rule 12 of the Federal Rules of Civil Procedure.

6. An Order granting Default Judgment against Defendant O'Neill is warranted because:

(a) Defendant O'Neill intentionally and willfully failed or refused serve a responsive pleading on Plaintiff Moore or otherwise failed to defend;

(b) Defendant O'Neill has caused undue delay of this case and the proceedings, caused vexatious & unreasonable multiplication of the proceedings, and willingly engaged in misconduct or egregious conduct including but not limited to dilatory and obstructionist litigation tactics, obstruction of justice, and abuse of the judicial process by filing in this Court a motion for extension of time to file an Answer to the Complaint without serving the motion on Plaintiff Moore in a disgraceful attempt to prevent him from filing an opposition response to the motion, by impairing or thwarting his ability to press his claims, and by attempting to deceive this Court by lying in the motion for extension of time that a copy of the motion was served on Plaintiff Moore

pg 2

via email when, in fact, neither she nor her attorney ever emailed the motion to Plaintiff Moore; if Plaintiff Moore had not re-activated his Pacer account, recently, which enabled him to view the Court's docket, he would have never known that Defendants had filed a motion for extension of time to file an answer to the Complaint, and he was completely shocked when he viewed the Court's docket and discovered that they did. Furthermore, Plaintiff Moore never consented for Defendant O'Neill or her attorney to serve him a motion via email.

(c) If the Court denies the instant motion for default judgment against Defendant O'Neill, it will cause severe and substantial prejudice to Plaintiff Moore.

**LEGAL ARGUMENT WITH MEMORANDUM OF POINTS AND AUTHORITIES**

7. When deciding whether to relieve a party from default judgment, courts usually consider the willfulness of the default, any existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted. *See Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994) (relying on Fed. R. Civ. P. 55(c)); *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983); *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir.1994). *Prejudice* means a loss of evidence, the impairment of plaintiff's ability to press his or her claim, or roadblocks to discovery. *Sec. v. McNulty*, 137 F.3d 732, 740 (2d Cir.1998).

8. The 2nd Circuit Court of Appeals held that "[s]trong public policy favors resolving disputes on the merits" and that "[a]lthough courts have an interest in expediting litigation, abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996); *see also Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 184 (5th Cir.1992)(A finding of willful default ends the inquiry, for "when the court finds an intentional failure of responsive pleadings there need be

pg. 3

no other finding"). *See also Lacy v. Sitel Corp.*, 227 F.3d 290, 291 (5th Cir.2000)(commenting that a finding of intentional failure of responsive pleadings ends the need for further findings.)

9.      It is universally understood that a default operates as a deemed admission of liability. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir.1990); *Dierschke*, supra. An appearance alone will not prevent the entry of default. *See* FRCP 55(a)(party must "plead or otherwise defend"); *Martinez v. Picker Int'l*, 635 F.Supp. 658, 659 (D.P.R.1986)(party must file a defensive pleading or suffer default). Courts can find *failure to defend* when a defendant uses obstructionist litigation tactics – **even if the defendant has filed an Answer**. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917-18 (3d Cir.1992).

10.     Rule 12(a)(1)(A)(i) and Rule 55 of the Federal Rules of Civil Procedure provide:

> "Rule 12. (a) TIME TO SERVE A RESPONSIVE PLEADING. (1) In General. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint".

> "Rule 55. Default; Default Judgment (a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. (b) ENTERING A DEFAULT JUDGMENT. (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk— on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. (2) By the Court. In all other cases, the party must apply to the court for a default judgment."

11.     Rule 8(b)(1)(B) and 8(b)(6) of the Federal Rules of Civil Procedure provide:

> "[8 (b)] **(1)** *In General.* In responding to a pleading, **a party must:**
> (B) **admit or deny the allegations asserted against it by an opposing party.**"

> "[8 (b)] **(6)** *Effect of Failing to Deny.* **An allegation is admitted if a responsive pleading is required and the allegation is not denied.**" (emphasis supplied)

12. A default judgment should be entered against Defendant O'Neill because not only did she use dilatory and obstructionist litigation tactics to cause unnecessary delay, but she also engaged in bad faith conduct to disrupt litigation and cause confusion and chaos during these proceedings.

13. In her zeal to avoid filing a timely Answer to the Complaint, Defendant O'Neill perpetrated fraud on this Court. *Fraud On the Court* is fraud which seriously affects the integrity of the normal process of adjudication. See *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir.1988); the concept embraces that species of fraud that defile or attempts to defile the judicial machinery or the court itself, or is fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudicating cases presented for adjudication. See *Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir.1972).

14. *Fraud On the Court* is fraud which is directed to the judicial machinery itself. It is where the court or an officer of the court is corrupted or influenced, or influence is attempted by an officer of the court, or fraud affecting the ability of the court to impartially judge a case, or where the impartial functions of the court have been directly corrupted. See *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir.1985); *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457 (2d Cir.1994); *Kenner v. C.I.R.*, F.3d 689 (7th Cir.1968); *U.S. v. Beggerly*, 524 U.S. 38 (1998); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575 (1946); *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348 (1920); *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861 (4th Cir.1999); *Brown v. Uniroyal, Inc.*, 108 F.3d 1306 (10th Cir.1997).

15. Defendant O'Neill's and her attorney's fraud and deception constitute a reprehensible abuse of the judicial process. Plaintiff Moore believes that this Court, in protection of the sanctity

pg. 5

& integrity of the judicial process, should not fall victim to fraud perpetrated upon it by Defendant O'Neill and her attorney and that it should adopt the holdings of the 1st Circuit Court of Appeals in *Aoude v. Mobil Oil Corporation*, 892 F.2d 1115 (1st Cir.1989), wherein the court held:

> "Courts cannot lack the power to defend their integrity against unscrupulous marauders; if that were so, it would place at risk the very fundament of the judicial system. As Justice Black wrote in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246, 64 S.Ct. 997, 1001, 88 L.Ed. 1250 (1944): '[T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society.... The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.'"

> "All in all, we find it surpassingly difficult to conceive of a more appropriate use of a court's inherent power than to protect the sanctity of the judicial process--to combat those who would dare to practice unmitigated fraud upon the court itself. To deny the existence of such power would, we think, foster the very impotency against which the Hazel-Atlas Court specifically warned. We find the caselaw fully consonant with the view that a federal district judge can order dismissal or default where a litigant has stooped to the level of fraud on the court."

16. Defendant O'Neill is not above the law, and she is subject to Federal Law like Plaintiff Moore and all other individuals are. As the United States Supreme Court so eloquently stated:

> "Our system of jurisprudence rests on the assumption that all individuals, whatever their position in government, are subject to federal law:

> 'No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law, and are bound to obey it.'" *United States v. Lee*, 106 U.S. at 106 U. S. 220. *See also Marbury v. Madison*, 1 Cranch 137 (1803); *Scheuer v. Rhodes*, 416 U.S. at 416 U. S. 239-240."

## CONCLUSION

17. Defendant O'Neill and her attorney deliberately and willingly failed or refused to file a timely Answer to the *Verified Civil Rights Complaint* and failed to present a meritorious defense.

pg. 6

18. A proposed Order is appended to this motion, and Plaintiff Moore's *Declaration/Affidavit In Support Of Motion For Default Judgment* is included in the contents of this motion.

### DECLARATION/AFFIDAVIT
### IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

I, Andrew Peal Moore II, hereby declare under penalty of perjury pursuant to 28 USC § 1746 that the assertions and contentions presented by me in this motion for default judgment are true and correct to the best of my recollection, knowledge, and belief. I am legally and mentally competent to make this declaration, and I understand it is equivalent to a sworn affidavit and will be filed in the United States District Court for the Eastern District of Missouri Eastern Division.

Executed on this 15th day of March 2023.

**Signed** _____

Andrew Peal Moore II, PhD, D.D., MBA, *Pro Se*

**WHEREFORE,** based on the foregoing, Plaintiff Moore respectfully moves for an Order by this Court, granting a Default Judgment against Defendant M. Ruth O'Neill.

Respectfully Submitted,

_____

Andrew Peal Moore II, PhD, D.D., MBA, *Pro Se*
Plaintiff
831 Semoran Park Drive
Winter Park, Florida 32792
Email: andrewmoore707@yahoo.com
Phone: (904) 418-0663

pg. 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

**ANDREW PEAL MOORE II**  Civil No. 4:23-cv-00111

*Plaintiff,*

vs.

**ROBERT J. KNODELL, et al.**

*Defendants.*

_____/

## ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Upon consideration of Plaintiff's motion for default judgment, and the entire record herein, it is hereby **ORDERED** that the motion is **GRANTED.**

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

pg. 8

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 15, 2023, the attached original motion for Default Judgment was sent by U.S. Priority Express Mail to be filed, To:

U.S. District Court for the Eastern District of Missouri
Eastern Division
Attention: Clerk of the Court
111 South 10th Street
St. Louis, MO 63102

And a copy of same motion was served by U.S. Certified Mail, 7022 0410 0002 9943 0858, To:

Ryan M. Murray
Assistant Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101

Signed _____

Andrew Peal Moore II, PhD, D.D., MBA, *Pro Se*
Plaintiff
831 Semoran Park Drive
Winter Park, Florida 32792
Email: andrewmoore707@yahoo.com
Phone: (904) 418-0663

**FROM:**
Andrew P. Moore II
831 Semoran Park Dr.
Winter Park, FL.
32792

**TO:**
U.S. District Court
Eastern District of Missouri
111 South 10th Street
St. Louis, MO.
63102

PO ZIP Code: 32730
Scheduled Delivery Date: 03/16/23
Postage: $28.75
Date Accepted: 03/15/23
Time Accepted: 2:51 PM
Weight: 7.90 lbs
Total Postage & Fees: 28.75

MAR 16 2023
RECEIVED BY MAIL