RECEIVED
MAR 24 2023
BY MAIL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**ANDREW PEAL MOORE II**             Civil No. 4:23-cv-00111

*Plaintiff,*            Date: March 23, 2023

vs.

**ROBERT J. KNODELL, et al.**

*Defendants.*

_____/

### PLAINITIFF MOORE'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT SUPPORTKIDS, INC. AS A MATTER OF LAW WITH MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**NOW COMES** the Plaintiff, Andrew Peal Moore II (hereinafter "Plaintiff Moore"), and pursuant to Rule 55(b) and Rule12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, hereby respectfully requests the Court or the Clerk of the Court to enter a Default Judgment against Defendant Supportkids, Inc., as authorized by Fed. R. Civ. P. 55, and as grounds, states:

1.. On or about January 27, 2023, Plaintiff Moore filed a lawsuit in this Court, "Verified Civil Rights Complaint", against Defendant Supportkids, Inc.

2. On or about February 23, 2023, Summons issued by this Court along with the Complaint was served on Defendant Supportkids, Inc.

3. The Summons state, in pertinent part:

> "A lawsuit has been filed against you. Within 21 days after service of this summons on you (not counting the day you received it) – or **60 days** if you are the United States or a United States agency, or an officer or employee of the United States described in Fed.R.Civ.P. 12 (a)(2) or (3) – you must serve on plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's

pg. 1

attorney, whose name and address are: Andrew Peal Moore II, 831 Semoran Park Drive, Winter Park, Florida 32792.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint."

4. Defendant Supportkids, Inc. was required under the law to serve Plaintiff Moore an Answer to the Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure by March 16, 2023. (*See* Court's Docket #4); however, as of to date, March 23, 2023, Defendant Supportkids, Inc. has failed or refused to serve on Plaintiff Moore an Answer to the Complaint, and as of to date, March 23, 2023, it has also failed or refused to serve on Plaintiff Moore a motion under Rule 12 of the Federal Rules of Civil Procedure.

5. As of to date, March 23, 2023, Defendant Supportkids, Inc. has willingly failed or refused to make an appearance in this Court pursuant to the lawsuit that was filed against it, according to the Court's Docket Sheet, and as of to date, March 23, 2023, it has also failed or refused to file a motion in this Court under Rule 12 of the Federal Rules of Civil Procedure.

6. A Default Judgment against Defendant Supportkids, Inc. is warranted because:

(a) Defendant Supportkids, Inc. intentionally & willingly failed or refused serve an Answer to the Verified Civil Rights Complaint, or otherwise failed to defend;

(b) Defendant Supportkids, Inc. intentionally & willingly failed or refused to make an appearance in this Court, and if the instant motion for a Default Judgment against Defendant Supportkids, Inc. is not granted, it will cause severe and substantial prejudice to Plaintiff Moore.

## ARGUMENT WITH MEMORANDUM OF POINTS AND AUTHORITIES

7. When deciding whether to relieve a party from a default judgment, courts usually consider the willfulness of the default, any existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted. *See Davis v. Musler*, 713 F.2d

pg. 2

907, 915 (2d Cir. 1983); *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir.1994); *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994) (relying on Fed. R. Civ. P. 55(c). *See also Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 184 (5th Cir.1992)(A finding of willful default ends the inquiry, for "when the court finds an intentional failure of responsive pleadings there need be no other finding"). See also *Lacy v. Sitel Corp.*, 227 F.3d 290, 291 (5th Cir.2000)(commenting that a finding of intentional failure of responsive pleadings ends the need for further findings.)

8.   It is universally understood that a default operates as a deemed admission of liability. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir.1990); *Dierschke*, supra. An appearance alone will not prevent the entry of default. Notwithstanding, Supportkids, Inc. never even made an appearance in this Court pursuant to the lawsuit filed against it. See Fed. R. Civ. P. 55(a)(party must "plead or otherwise defend"); *Martinez v. Picker Int'l*, 635 F.Supp. 658, 659 (D.P.R.1986)(party must file a defensive pleading or suffer default).

9.   Fed. R. Civ. P. 12(a)(1)(A)(i) and Fed. R. Civ. P. 55(b) provide, in pertinent part:

> "Rule 12. (a) TIME TO SERVE A RESPONSIVE PLEADING. (1) In General. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint".

> "Rule 55. (b) ENTERING A DEFAULT JUDGMENT. (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk— on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. (2) By the Court. In all other cases, the party must apply to the court for a default judgment."

pg. 3

## CONCLUSION

10.     Defendant Supportkids, Inc. deliberately and willingly failed or refused to file a timely Answer to the *Verified Civil Rights Complaint* and willingly failed to make an appearance in this Court. A proposed Order is appended to this motion. Plaintiff Moore's *Declaration/Affidavit In Support Of Motion For Default Judgment* is included in the contents of this motion, and he respectfully requests the Clerk of the Court to compute the amount due in the Default Judgment to any extend that his calculations are incorrect:

## DECLARATION/AFFIDAVIT
## IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

I, Andrew Peal Moore II, hereby declare under penalty of perjury pursuant to 28 USC § 1746 that as of to date, March 23, 2023, Defendant Supportkids, Inc., which is neither a minor nor an incompetent person, has defaulted: It has failed or refused to serve on me an Answer to the Verified Civil Rights Complaint and failed or refused to serve on me a motion under Rule 12 of the Federal Rules of Civil Procedure, that as of to date, March 23, 2023, Defendant Supportkids, Inc. has failed or refused to file an Answer to the Complaint in this Court, failed to file a motion in this Court under Rule 12 of the Federal Rules of Civil Procedure, and failed or refused to make an appearance in this Court as of March 23, 2023 at 7:25 a.m., that the assertions and contentions presented by me in this instant motion for Default Judgment (which are incorporated by reference into this Declaration) are true and correct to the best of my recollection, knowledge, and belief. And that according to my calculations, the amount due in the Default Judgment is **$2,720,000,** calculated as follows: Total demand requested in the Complaint against 5 Defendants (which includes Defendant Supportkids, Inc.) is $13,600,000; thus $13,600,000/5 = **$2,720,000.**

pg. 4

I am legally and mentally competent to make this Declaration, and I understand that it is equivalent to a sworn affidavit and will be filed in the United States District Court for the Eastern District of Missouri Eastern Division.

Executed on this 23rd day of March 2023.

**Signed** _/s/ Andrew Peal Moore II_

Andrew Peal Moore II, PhD, D.D., MBA, _Pro Se_

**WHEREFORE,** based on the foregoing as stated, Plaintiff Moore respectfully requests a Default Judgment against Defendant Supportkids, Inc. in the amount of TWO MILLION SEVEN HUNDRED TWENTY THOUSAND DOLLARS ($2,720,000).

Respectfully Submitted,

_/s/ Andrew Peal Moore II_

Andrew Peal Moore II, PhD, D.D., MBA, _Pro Se_
Plaintiff
831 Semoran Park Drive
Winter Park, Florida 32792
Email: andrewmoore707@yahoo.com
Phone: (904) 418-0663

pg. 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**ANDREW PEAL MOORE II**                              Civil No. 4:23-cv-00111

*Plaintiff,*

vs.

**ROBERT J. KNODELL, et al.**

*Defendants.*
_____/

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Upon consideration of Plaintiff's motion for default judgment, and the entire record herein, it is hereby **ORDERED** that the motion is **GRANTED.**

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

pg. 6

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 23, 2023, the attached original motion for Default Judgment was sent by U.S. Priority Express Mail to be filed, To:

U.S. District Court for the Eastern District of Missouri
Eastern Division
Attention: Clerk of the Court
111 South 10th Street
St. Louis, MO 63102

And a copy of same motion was served by regular First Class Mail To:

Ryan M. Murray
Assistant Attorney General
(Counsel for Defendants Knodell, Renner, and O'Neill)
815 Olive Street, Suite 200
St. Louis, MO 63101

Signed _____

Andrew Peal Moore II, PhD, D.D., MBA, *Pro Se*
Plaintiff
831 Semoran Park Drive
Winter Park, Florida 32792
Email: andrewmoore707@yahoo.com
Phone: (904) 418-0663