UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW PEAL MOORE II | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-00111-SEP |
| | ) |
| ROBERT J. KNODELL, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Defendants Robert J. Knodell, M. Ruth O'Neil, and Jennifer Renner's[1] Motion to Dismiss Plaintiff's Complaint. Doc. [22]. For the reasons set forth below, Defendants' motion is granted.

### FACTS AND BACKGROUND[2]

Pro se Plaintiff Andrew Peal Moore II alleges a conspiracy by Defendants to violate his civil rights and deprive Plaintiff of his property by enforcing his child support obligations. Doc. [1]. When Plaintiff was divorced from Kim Hinton in 1993, the Circuit Court of St. Louis County, Missouri, entered an order memorializing their separation agreement and ordering Plaintiff to pay $350.00 per month for each of their two minor children. Doc. [1-1]. Plaintiff appears to believe that the Missouri court wrongly described the amount owed; he asserts that he was obligated to pay only $350.00 per month, not per child. Doc. [1] at 5-9. Beginning in 2006, Plaintiff received multiples notices from the Missouri Department of Social Services that he was delinquent in his child support obligations and his income could be garnished if he failed to pay the delinquent amount. *Id*. at 12. In 2022, Defendant Knodell issued an Income Withholding Order to Plaintiff's employer, Adventhealth Centra Care, ordering that it withhold payments from Plaintiff's monthly wages in order to cover the child support arrearage. *Id*. at 13-15. The garnishment procedure prompted Plaintiff to file this action, in which he argues that Defendants have, on behalf of the Missouri Department of Social Services Family Support Division, engaged

---

[1] Defendant Knodell is Director of the Missouri Department of Social Services Family Support Division. Defendants O'Neil, and Renner are employees of the Division.

[2] For purposes of the motion to dismiss, the Court takes the factual allegations in the Complaint to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

in a conspiracy to enforce payments in excess of the amount he rightfully owed. *Id*. Plaintiff alleges Defendants violated his rights under the Due Process and Equal Protection Clauses of the United States Constitution, and brings claims pursuant to 42 U.S.C. § 1985 (Count I); 42 U.S.C. § 1964(3) (Count II); and 42 U.S.C. § 1983 (Count III).

Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), arguing that this Court lacks subject matter jurisdiction under the domestic relations exception to federal jurisdiction and the *Rooker-Feldman* doctrine.[3] Doc. [23] at 5. Defendants also argue that the Court has an obligation to abstain from hearing the case pursuant to the *Younger* abstention doctrine,[4] and that Defendants are entitled to both qualified and sovereign immunity. *Id*. at 9. The Court agrees that the case plainly falls within the domestic relations exception to jurisdiction. Because that is sufficient grounds for dismissal, the Court need not consider Defendants' other arguments.

## LEGAL STANDARD

To justify dismissal under Rule 12(b)(1), "the complaint must be successfully challenged on its face or on the factual truthfulness" of its assertions. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *see also Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a factual challenge, the defendant challenges the factual truthfulness of the assertions, and the Court may consider matters outside the pleadings. *Osborn*, 918 F.2d at 729. In a facial challenge, the defendant claims the complaint "fails to allege an element necessary for subject matter jurisdiction," and the Court presumes true "all of the factual allegations concerning jurisdiction." *Titus*, 4 F.3d at 593.

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and construes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 338 (1989). To survive

---

[3] The *Rooker-Feldman* doctrine provides that federal courts lack jurisdiction over a case if the exercise of jurisdiction would result in reversal or modification of a state court judgment. *See Kvalvog v. Park Christian School, Inc*., 66 F.4th 1147, 1152 (8th Cir. 2023).

[4] The *Younger* abstention doctrine provides that federal courts should abstain from exercising jurisdiction when there is an ongoing state proceeding that implicates important state interests and there is an adequate opportunity to raise any relevant federal questions in the state proceeding. *See Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010).

2

a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specifically, the complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Twombly*, 550 U.S. at 556.

## DISCUSSION

Since the Supreme Court's decision in *Barber v. Barber*, 62 U.S. 582, 584 (1858), federal courts have recognized a limitation on their jurisdiction over cases involving domestic relations. *See Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013); *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994); *see also Frawley v. Schutt*, 2021 WL 5415326, at *6 (E.D. Mo. Feb. 19, 2021) ("Family law matters are state law matters and only in extremely rare circumstances would a federal court have jurisdiction."). In *Khan*, the Eighth Circuit recognized that the domestic relations exception divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody and support. 21 F.3d at 861. "Even when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id*. To that end, "issues concerning child support obligations are clearly within the domestic relations exception domain . . . ." *Lannan v. Maul*, 979 F.2d 627, 631 (8th Cir. 1992).

Although Plaintiff drafted his Complaint to allege federal civil rights violations, his claims are inextricably intertwined with prior state court determinations regarding his child support obligations. "The family law exception to federal jurisdiction applies even when a party is alleging a violation of federal law," and federal courts may not resolve a dispute about Plaintiff's child support obligations despite allegations of constitutional violations. *Frawley*, 2021 WL 5415326 at *6. Plaintiff's claims thus fall within the domestic relations exception to federal jurisdiction, and subject matter jurisdiction over Plaintiff's case does not lie in this Court. Additionally, to the extent Plaintiff asks this Court to determine that state court decisions regarding his child support obligation were wrong, this Court lacks subject matter jurisdiction to

engage in appellate review of state court decisions. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). With the exception of habeas cases, "review of state court decisions may be had only in the Supreme Court." *Id*. Lacking jurisdiction, the Court has no choice but to dismiss this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint, Doc. [22], is **GRANTED.**

**IT IS FURTHER ORDERED** that all other outstanding motions are **DENIED** as moot.

A separate Order of Dismissal will be entered on this same date.

Dated this 8th day of November, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4